TOMAS E. MARGAIN, Bar No. 193555
HUY TRAN, Bar No. 288196
Justice at Work Law Group, LLP
84 West Santa Clara Street, Suite 790
San Jose, CA 95113
Telephone: (408) 317-1100
Facsimile: (408) 351-0105
Tomas@JAWLawGroup.com
Huy@JAWLawGroup.com

KEVIN R. ALLEN (SBN 237994)
DANIEL VELTON (SBN 267890)
**VELTON ZEGELMAN P.C.**
525 W. Remington Drive, Suite 106
Sunnyvale, CA 94087
Tel. (408) 505-7892
Fax (408) 228-1930
kallen@vzfirm.com
dvelton@vzfirm.com

Attorneys for Plaintiff
JOHN NGUYEN and the Proposed Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN NGUYEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ERICSSON, INC., 4G PROJECT PEOPLE, INC., NETWORKERS, INC., and MICHAEL WILCOX,<br><br>Defendants. | USDC Case No. 17-CV-06453 NC<br>Superior Court Case No. 17CV315587<br><br>**FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT FOR VIOLATIONS OF THE CALIFORNIA LABOR CODE AND CALIFORNIA BUSINESS AND PROFESSIONS CODE** |

Plaintiff JOHN NGUYEN, on behalf of himself and all other similarly situated current and former employees of Defendants ERICSSON, INC., 4G PROJECT PEOPLE, INC., and NETWORKERS, INC., complains and alleges as follows:

## INTRODUCTION

1. This is a class action lawsuit brought pursuant to the Civil Code, Labor Code, and Business and Professions Code against Defendants. Defendants own and/or operate communication towers that are maintained by their field engineers, such as Plaintiff and the purported class.

2. Plaintiff bring this lawsuit on behalf of the class to challenge the unfair and unlawful practices that Defendants have engaged in with regard to their compensation and breaks. Plaintiff seek restitution and compensation on behalf of themselves and other similarly situated employees for unpaid wages, including meal and rest period premiums, overtime premiums, statutory penalties, and interest. Plaintiff also seek declaratory and injunctive relief. Finally, Plaintiff seek reasonable attorneys' fees and costs pursuant to the Labor Code and Code of Civil Procedure § 1021.5.

## PARTIES

3. Plaintiff JOHN NGUYEN is an individual over the age of eighteen (18) and at all relevant times a resident of San Jose in Santa Clara County. Plaintiff was employed by Defendants within the four years preceding the filing date of this Complaint.

4. Defendants ERICSSON, INC. (ERICSSON), 4G PROJECT PEOPLE, INC. (4G), and NETWORKERS, INC. (NETWORKERS) are corporations based in Texas that do business in the State of California. On information and belief, Plaintiff alleges that ERICSSON is duly registered and authorized to do business in the State of California, but 4G and NETWORKERS are not registered in the State of California.

5. On information and belief, Plaintiff alleges that MICHAEL WILCOX is an individual over the age of 18. Plaintiff is unaware of where WILCOX resides or works. WILCOX was employed by ERICSSON, and was Plaintiff's direct supervisor.

6. On information and belief, Plaintiff allege that each of the Defendants acted in concert with each and every other Defendant, intended to and did participate in the events, acts,

practices and courses of conduct alleged herein, and proximately caused damage and injury thereby to Plaintiff and other similarly situated current and former employees.

7.  At all times herein mentioned, each Defendant was the agent or employee of each of the other Defendants and was acting within the course and scope of such agency or employment.

## JURISDICTION AND VENUE

8.  This Count has jurisdiction over Plaintiff's claims and those of similarly situated current and former employees for unpaid wages because Plaintiff is a California resident, particular to San Jose.

9.  Venue is proper in this County because Plaintiff resides in San Jose, and works on communication towers throughout northern California.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

10.  ERICSSON owns and/or operates communication towers throughout California. It contracted with 4G and NETWORKERS to provide field engineers who would take on jobs to repair or maintain those towers.

11.  Plaintiff and other similarly situated employees were hired as field engineers who performed the repair and maintenance jobs needed by ERICSSON. Plaintiff was first hired by NETWORKERS as a field engineer. During that time, he reported to WILCOX, who was employed by ERICSSON. WILCOX gave Plaintiff and his co-workers their daily assignments, and also reviewed all work hours submitted for compensation and all requests for reimbursement.

12.  Upon receiving his assignment, Plaintiff would have to drive to a facility owned or operated by ERICSSON in Hayward, California to pick up materials and equipment required to complete his assignment. From there, he would drive to the job sites he was assigned. When he was done for the night, Plaintiff would drive back to the ERICSSON facility in Hayward to return unused materials or equipment before going home.

13. Rather than receiving pay by the hour, Defendants would pay Plaintiff an allotted number of hours for the jobs he completed. Plaintiff would not be compensated for any other hours he worked that were beyond the allotted hours he was paid, including time he spent driving to job sites as far as eight hours away. Additionally, Plaintiff would not be compensated for any jobs he did not finish.

14. As a result of Defendants' failure to accurately report his work hours, Plaintiff was not provided with wage statements that reflected how many hours he actually worked.

15. At some point, Plaintiff left NETWORKERS to work for 4G, where he performed identical responsibilities and still reported to WILCOX. Plaintiff still submitted his work hours and requests for reimbursements to WILCOX in an identical manner. 4G paid the same under the same allotment system that NETWORKERS used when determining how much to pay Plaintiff, and as such, 4g failed to provide Plaintiff with accurate wage stubs as well.

16. Plaintiff's reimbursement requests for mileage and tolls were approved, but reimbursement requests for all other costs were denied, including lodging when he stayed overnight for jobs that were too far away for him to drive back without rest, or tows when his truck had issues that prevented him from driving.

17. Plaintiff and other similarly situated employees were not afforded complaint meal and rest breaks because they worked alone and on schedules that made it unfeasible for them to take their meal and rest breaks. Additionally, Plaintiff never received any compensation for rest breaks because the method of compensation chosen by Defendants did not incorporate rest break pay. Finally, Plaintiff had no reasonable opportunity to take second meal breaks when he worked sufficient hours to be entitled to them because of his work schedule that made it unfeasible for him to take his second meal break.

18. Plaintiff sent a lawful request for his employment records to 4G on May 24, 2017. An employee from 4G contacted Plaintiff's Counsel on May 31, 2017 to inquire about the request. However, nothing was ever produced. Plaintiff sent a follow up letter on June 7, 2017, but was still ignored. To date, Plaintiff has not received any of the records to which he is entitled under California law from 4G.

## CLASS ACTION ALLEGATIONS

19. Plaintiff bring this action on behalf of themselves and all others similarly situated pursuant to Federal Rule of Civil Procedure 23 for violations of the Fair Labor Standards Act, Labor Code and Business & Professions Code § 17200, *et seq.* Plaintiff seek to represent the following classes of employees, defined as follows:

> All field engineers employed by 4G assigned to work on ERICSSON communication towers in California within the Class period.
>
> All field engineers employed by NETWORKERS assigned to work on ERICSSON communication towers in California within the Class Period.

20. The exact number of class members is unknown to Plaintiff at this time. On information and belief, Plaintiff alleges that there are at least forty (40) class members. Accordingly, the members of the class are so numerous that joinder of all members would be impracticable. The disposition of the class members' claims through this class action will benefit both the parties and the Court. The exact number and identity of the proposed class members are readily ascertainable through inspection of Defendants' records.

21. The Class period will be from the four years prior to the Complaint.

22. Common questions of law and fact exist as to members of the class and include, but are not limited to, the following:

5   USDC Case No. 17-CV-06453 NC

FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT

(a) Whether Defendants failed to pay Plaintiff and members of the class all wages due by paying an allotment of hours to them rather than for every hour worked;

(b) Whether Defendants failed to provide meal and/or rest periods to Plaintiff and members of the class during which they were relieved of all duty;

(c) Whether Defendants failed to provide Plaintiff and members of the class accurate wage statements showing all hours worked and all wages due;

(d) Whether Defendants willfully failed to pay all wages due Plaintiff and members of the class upon termination;

(e) Whether Defendants engaged in unfair competition proscribed by the Business and Professions Code by engaging in the conduct described hereinabove;

(f) The scope and type of injunctive relief necessary to prevent the wage and hour violations described herein;

(g) The measure of restitution and damages to compensate Plaintiff and members of the class for the violations alleged herein;

23. Plaintiff's claims are typical of the claims of the class that Plaintiff seeks to represent. Plaintiff and members of the class were not properly paid for all hours worked as required by California law. Defendants' common course of conduct with respect to Plaintiff and members of the class has caused them to sustain the same or similar injuries and damages.

24. Plaintiff will fairly and adequately represent and protect the interests of the members of the class. Plaintiff is a member of the class and does not have any conflict of interest with other class members. Plaintiff has retained and is represented by competent counsel who are experienced in complex class action litigation, including wage and hour class actions such as the present action.

25. The nature of this action and California law make a class action the superior and appropriate procedure to afford relief for the wrongs alleged herein.

### COUNT ONE
*California Labor Code §§ 510, 1194, 1194.2, and 1197*
*Failure to Pay Minimum Wage and Overtime including Minimum Wage Penalty*

26. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

27. At all times mentioned herein, Defendants had a duty to pay their employees, including Plaintiff and other similarly situated employees, not less than the minimum required hourly and overtime rate of pay. Cal. Labor Code §§ 510 and 1194.

28. The failure to pay the minimum required hourly and overtime rate of pay subjects Defendants to an assessment of the unpaid wage difference. Cal. Labor Code § 1194.2. The number of regular and overtime hours worked by Plaintiff and other similarly situated employees will be proved at trial.

29. On information and belief, Plaintiff and other similarly situated employees allege that they were not compensated at the required overtime rate for all of the overtime hours that they worked. Plaintiff and other similarly situated employees further allege that Defendants' failure to pay them overtime hours at the statutorily required overtime rate was intentional and in reckless disregard of their duties under the Labor Code.

30. As a result of Defendants' conduct, as more fully set forth above, Plaintiff and other similarly situated employees earned but were not paid all of the wages that were due to them.

31. Plaintiff and other similarly situated employees seek as earned but unpaid wages the difference between the amount actually paid and the overtime rate that Defendants were obligated to pay them at. Their audits and investigations are continuing, and they will seek leave of court to amend this Complaint according to proof at the time of trial.

32. Plaintiff and other similarly situated employees are entitled to and therefore request an award of prejudgment interest on the unpaid wages set forth herein.

33. Plaintiff and other similarly situated employees seek and are entitled to an assessment of the unpaid minimum wage under Labor Code § 1194.2.

34. Plaintiff have incurred, and will continue to incur, attorney's fees in the prosecution of this action and therefore demands such reasonable attorneys' fees and costs as set by the Court.

## COUNT TWO
*California Labor Code § 203*
*Waiting Time Penalties*

35. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

36. At the time Plaintiff' employment with Defendants was terminated, and any other similarly situated employee who was terminated, Defendants owed them unpaid regular and overtime wages as previously alleged, and such wages owed to them were ascertainable at the time of termination.

37. Failure to pay wages owed at an employee's termination subjects the employer the payment of a penalty equaling up to thirty (30) days' wages. Cal. Labor Code §§ 201 and 203.

38. As of this date, Defendants have failed and refused, and continue to fail and refuse, to pay the amount due, thus making each such Defendant liable to Plaintiff and other similarly situated employees for penalties equal to thirty (30) days' wages.

## COUNT THREE
*California Labor Code § 226*
*Failure to Provide Accurate Wage Stubs*

39. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

40. At all times relevant hereto, Defendants were required to provide each employee with written periodic wage payment setting forth, among other things, the dates of labor for which payment of wages is made, the total hours of work for the pay period, the gross and net wages paid, all deductions from those wages, and the name and address of the employer. Cal. Labor Code § 226.

41. Defendants knowingly and intentionally failed to provide Plaintiff and other similarly situated employees with accurate, itemized wage statements in compliance with Labor Code § 226. Such failures in Defendants itemized wage statements include, among other things, not accurately showing the actual hours worked or rate for overtime hours worked and amount of overtime pay, in each pay period and/or incorrectly reporting gross wages earned.

42. As a direct result of Defendants conduct, Plaintiff and other similarly situated employees were never provided with accurate paystubs. Plaintiff and other similarly situated employees are entitled to recover penalties in an amount of not less than $50.00 for an initial violation and $100.00 for a subsequent for each violation up to $4,000.00.

43. Plaintiff have incurred, and will continue to incur attorney fees in the prosecution of this action.

**COUNT FOUR**
*California Labor Code § 226.7*
*Failure to Provide Meal and Rest Breaks*

44. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

45. At all times relevant herein, Defendants were required to provide an uninterrupted thirty (30) minute meal break for any shift that ran longer than six (6) hours. Cal. Labor Code § 226.7; IWC Wage Order 5-2001(11).  Defendants were also required to provide ten (10) minute paid rest breaks for any shift that ran longer than four (4) hours. Id. at (12).

46. Defendants did not provide, permit, or authorize Plaintiff to take their meal breaks, or pay added wages in lieu of the break as required by law. Cal. Labor Code § 226.7. Defendants also did not provide, permit, or authorize Plaintiff to take their rest breaks, or pay added wages in lieu of the break as required by law. *Id.* Plaintiff worked more hours in one shift than the minimum hours required by law to be entitled to those breaks. Plaintiff, on information and belief, have never voluntarily or willfully waived their rest breaks. Any express or implied waivers obtained from Plaintiff were not willfully obtained, were not voluntarily agreed to, were a condition or employment, or were part of an unlawful contract of adhesion.

47. Defendants' failure to provide the statutorily required breaks makes them liable to Plaintiff for one hour of pay at Plaintiff' regular rate for each meal break missed, and another hour of pay at Plaintiff' regular rate for each day where a rest break was not provided. Cal. Labor Code § 226.7.

48. As a result of Defendants' unlawful acts, Plaintiff have been deprived of wages in amounts to be determined at trial and is entitled to their recovery, as well as interest and penalties thereon and attorneys' fees and costs. Cal. Labor Code §§ 206, 226, 226.7, 1194.

**COUNT FIVE**
*Business and Professions Code § 17200, et seq.*
*Engaging in Unfair Competition*

49. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

50. At all times relevant herein, Defendants were required to pay their employees, including Plaintiff and other similarly situated employees, at an overtime rate for work performed in excess of 40 hours per week or 8 hours per day. Cal. Labor Code §§ 510 and 1194; IWC Wage Order 5-2001. Defendants were also required to provide their employees meal and rest breaks. Cal.

Labor Code § 226.7. At all times relevant herein, Defendants were also required to refrain from engaging in unfair competition. Cal. Bus. & Prof. Code § 17000, *et seq*.

51. Defendants engaged in unfair competition by failing to pay Plaintiff and other similarly situated employees for all hours worked and at an overtime rate for his overtime hours. Plaintiff and other similarly situated employees were entitled to those wages, which Defendants kept to themselves. These illegal acts gave Defendants a competitive advantage over other employers and business in the care provider industry who were in compliance with the law.

52. Defendants also engaged in unfair competition by failing to provide compliant meal and rest breaks. Plaintiff worked sufficient hours to be entitled to those breaks. These illegal acts gave Defendants a competitive advantage over other employers and business in the care provider industry who were in compliance with the law.

53. Defendants were also aware of the existence and requirements of the Unfair Trade Practice Act, and the requirements of the Labor Code and Wage Order 5-2001, but knowingly, willfully, and intentionally failed to pay Plaintiff and other similarly situated employees for all hours worked and at their overtime rate for their overtime hours and provide them breaks.

54. As a direct and proximate result of Defendants' failure and refusal to pay for all hours and pay at the overtime rate for all overtime hours, Plaintiff' rights were violated, as well as the rights of other similarly situated employees, and they suffered general damages in the form of unpaid wages in an amount to be proved at trial.

55. Plaintiff and other similarly situated employees have been illegally deprived of their overtime pay and herein seek restitution pursuant to Business and Professions Code § 17203.

**COUNT SIX**
*California Labor Code §§ 236 and 1198.5*
*Failure to Provide Employee File Upon Request*

56. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein, and further alleges as follows:

57. At all times mentioned herein, Defendants had a duty to maintain records for their employees that showed, among other things, gross and net wages earned. Labor Code § 236(a). Defendants also had a duty to provide current and former employees the right to inspect or copy those records within twenty-one (21) days upon reasonable request to the employer. Labor Code § 236(b)-(c).

58. Plaintiff provided Defendants with a reasonable request for his records. However, twenty-one days passed without receipt of those records. Defendants ignored Plaintiff when he gave them notice that they had failed to produce any records at all.

59. Defendants were aware of the existence and requirements of Labor Code §§ 236 and 1198.5, but knowingly, willfully, and intentionally failed to provide Plaintiff with her employee files in accordance with the law.

60. Plaintiff has incurred, and will continue to incur, attorney's fees in the prosecution of this action and therefore demands such reasonable attorneys' fees and costs as set by the Court.

**COUNT SEVEN**
*California Labor Code §§ 2698 et seq and 558*
*Civil Penalties as Proxy for State of California*

61. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

62. Plaintiff brings this representative action on his own behalf, the State of California, and all of Defendants' other current and former aggrieved employees who are similarly situated for civil penalties pursuant to PAGA. Labor Code § 2698 *et seq*. He seeks civil penalties under all applicable statutes, including those imposed by Labor Code § 558, which authorizes the State of California to fine any employer or person acting on behalf of an employer to violate the Labor Code

or regulations promulgated by the Industrial Wage Commission, and Labor Code § 2699(f), which imposes a civil penalty of one-hundred dollars ($100.00) for the initial violation and two-hundred dollars ($200.00) for each subsequent violation per pay period of each provision that does not specifically provide a civil penalty.

63. Plaintiff is an aggrieved employee because he was not properly compensated for his work hours. Defendants required, suffered, or permitted Plaintiff and other similarly situated employees to work over eight (8) hours in one day or forty (40) hours in one week without paying for all of their hours at the correct rates. Additionally, Defendants did not provide Plaintiff and other similarly situated employees compliant meal and rest breaks as required by the Labor Code. Finally, Defendants did not provide compliant wage stubs itemizing specific information required by the Labor Code to Plaintiff or other similarly situated employees.

64. Plaintiff has incurred, and will continue to incur attorney fees in the prosecution of this action.

65. Plaintiff has complied with PAGA's administrative exhaustion requirements. Specifically, Plaintiffs gave notice to Defendants and the LWDA of Defendants' violations of the Labor Code and the basis for those alleged violations. As of the date of this filing, at least sixty-five (65) days have passed since notice was provided to the LWDA, and no response has been received. Thus, Plaintiffs are entitled to proceed under PAGA as a proxy for the State of California. Cal. Labor Code § 2699.3(a)(2)(A).

*Declaratory Relief*

66. Plaintiff re-allege and incorporate by reference the allegations contained in the preceding paragraphs as though fully set forth herein, and further alleges as follows:

67. An actual controversy has arisen between Plaintiff and members of the class, on the one hand, and Defendants, on the other hand, as to their respective rights, remedies and obligations. Specifically, Plaintiff contend and Defendants deny, that:

(a) Defendants have failed and continue to fail to pay proper wages based on the correct rates;

(b) Defendants have failed and continue to fail to provide Plaintiff and members of the class compliant meal and rest breaks;

(c) Defendants have failed and continue to fail to provide Plaintiff and members of the class accurate wage and hour statements showing all hours worked, the corresponding hourly rate, and wages earned;

68. Plaintiff further allege that members of the class are entitled to recover earned wages, liquidated damages, and penalties as alleged herein.

69. Accordingly, Plaintiff seeks a declaration as to the respective rights, remedies, and obligations of the parties.

### *Attorney's Fees and Costs*

70. Enforcement of statutory provisions enacted to protect workers and to ensure proper and prompt payment of wages due to employees is a fundamental public interest in California. Consequently, Plaintiff' success in this action will result in the enforcement of important rights affecting the public interest and will confer a significant benefit upon the general public. Private enforcement of the rights enumerated herein is necessary as no public agency has pursued enforcement. Plaintiff are incurring a financial burden in pursuing this action and it would be against the interest of justice to require the payment of any attorney's fees and costs from any recovery that might be obtained herein. As prayed for below, Plaintiff and their counsel, JUSTICE AT WORK LAW GROUP, are entitled to and seek an award of attorneys' fees and costs pursuant

law including but not limited to the FLSA, Code of Civil Procedure § 1021.5, Labor Code § 1194 and other applicable laws.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1. For declaratory relief as pled or as the Court may deem proper;
2. For preliminary and permanent injunctive relief prohibiting Defendants, their officers, agents and all those acting in concert with them, from committing in the future those violations of law herein alleged;
3. For an equitable accounting to identify, locate and restore to all current and former employees the wages they are due, with interest thereon;
4. For an order awarding Plaintiff and the members of the class compensatory damages, including lost wages, earnings and other employee benefits and all other sums of money owed Plaintiff and members of the class, together with interest on these amounts, according to proof;
5. For an award to the Plaintiff and other aggrieved workers of penalties under the Labor Code, including the Private Attorney General Act pursuant to Labor Code §§ 2926-2927;
6. For an award of reasonable attorneys' fees as provided by applicable law;
7. For all costs of suit; and
8. For such other and further relief as this Court deems just and proper.

Dated: March 13, 2018

*//s//Huy Tran//s//*
Huy Tran
JUSTICE AT WORK LAW GROUP, LLP
Attorney for Plaintiff
JOHN NGUYEN, individually and on behalf of all others similarly situated

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: March 13, 2018

*//s//Huy Tran//s//*
Huy Tran
JUSTICE AT WORK LAW GROUP, LLP
Attorney for Plaintiff
JOHN NGUYEN and the Proposed Class