United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN NGUYEN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ERICSSON, INC., et al.,<br><br>　　　　　Defendants. | Case No. 5:17-cv-06453-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>Re: Dkt. No. 19 |

I. INTRODUCTION

In September 2017, Plaintiff John Nguyen ("Plaintiff"), individually and on behalf of all others similarly situated, filed a class action complaint in Santa Clara Superior Court against Defendants Ericsson, Inc. ("Ericsson"), 4G Project People, Inc. ("4G"), Networkers, Inc. ("Networkers")[1], and Michael Wilcox (collectively "Defendants") claiming violations of California wage and hour laws, including failure to pay all wages owed, failure to pay overtime, failure to provide rest and meal breaks, failure to provide accurate wage stubs, and failure to provide employee files upon request. Dkt. No. 1, Ex. A, p. 6-13. Defendant 4G removed the action to this Court under the provisions of 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1441(a). Dkt. No. 1, p. 2.

Plaintiff moves to remand the putative class action to Superior Court of Santa Clara pursuant to 28 U.S.C. § 1447(c) on the basis that Defendant 4G has failed to show the requisite

---

[1] On May 30, 2018, Plaintiff voluntarily dismissed Defendant Networkers, Inc. Dkt. No. 38.

Case No.: 5:17-cv-06453-EJD
ORDER DENYING PLAINTIFF'S MOTION TO REMAND
1

subject matter jurisdiction over the claims. Dkt. No. 19, p. 2. The Court finds it appropriate to take the motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons set forth below, the motion is denied.

## II. BACKGROUND

Plaintiff filed an amended complaint which includes the following allegations. Plaintiff was a field engineer who performed maintenance and repair work on communication towers owned by Defendant Ericsson for four years preceding the filing date of the initial complaint. Dkt. No. 34, p. 3. Defendant Ericsson contracted with Defendants 4G and Networkers to provide workers, including Plaintiff and others similarly situated, to work on the towers. Id. Plaintiff reported to Defendant Wilcox who was employed by Defendant Ericsson. Id. Plaintiff's daily duties consisted of receiving assignments, driving to an Ericsson facility in Hayward, California to pick up equipment for his assignment, driving to the job sites where work needed to be conducted, doing the assigned work, and driving back to the Ericsson equipment facility to drop off unused materials and equipment. Id. Plaintiff claims he was paid an allotted amount rather than per every hour worked; he was not compensated for time driving to job sites; he was not reimbursed for lodging when he stayed overnight for jobs that were too far away for him to drive back without rest, or for tows when his truck had issues; he was not given accurate wage statements; his assigned schedule made it unfeasible for him to take proper meal and rest breaks; he was not compensated for any jobs he did not finish; and he was denied lawful access to his employment records. Id. at 4-5.

Plaintiff now moves to remand, asserting lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). Dkt. No. 19, p. 1-3. Plaintiff contends that there is not complete diversity because Defendant Michael Wilcox and Plaintiff are both residents of California, and that 4G has not shown that the amount in controversy exceeds $75,000. Id.

## III. STANDARDS

Title 28 U.S.C. § 1441(a) states: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States

Case No.: 5:17-cv-06453-EJD
ORDER DENYING PLAINTIFF'S MOTION TO REMAND
2

have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Title 28 U.S.C. § 1332(a) allows for original federal jurisdiction when (1) it is regarding a civil action, (2) when the plaintiff is a citizen of a different state than all defendants, and (3) when the amount in controversy exceeds $75,000, exclusive of interests and costs. After removal, a case can be remanded for lack of subject matter jurisdiction or for a defect in removal procedure. 28 U.S.C. § 1447(c). When a case has been removed by a defendant, the defendant has the burden of proving by a preponderance of the evidence that there is subject matter jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).

In assessing diversity of citizenship, a plaintiff has to be a citizen of a different state than every defendant, but fraudulently joined defendants are not considered and will not defeat removal. Ritchey v. Upjohn, Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). A defendant is considered to be fraudulently joined, or a sham defendant, when the plaintiff fails to state a viable cause of action against the alleged sham defendant and when a defendant shows that there is not any possibility the alleged sham defendant could be held liable for any claim. Id. The amount in controversy is calculated by assuming the allegations of the complaint are true and assuming a jury will find for the plaintiff on all claims. Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).

## IV. DISCUSSION

Defendant 4G claims that the case was properly removed to federal court on the basis of diversity jurisdiction. First, Defendant 4G contends that Defendant Michael Wilcox is a sham defendant who cannot be held personally liable for the alleged wage and hour violations. Dkt. No. 35, p. 1. Second, Defendant 4G contends that the amount in controversy is "more likely than not" over $75,000. Id.

### A. Diversity of Citizenship

A person can only be liable for violations of California Labor Code, and therefore can only have a viable California Labor Code claim brought against him or her, if the person is an "owner,

Case No.: 5:17-cv-06453-EJD
ORDER DENYING PLAINTIFF'S MOTION TO REMAND

director, officer or managing agent of the employer." Cal. Lab. Code § 558.1(b). Here, Plaintiff seeks to hold Wilcox liable as a "managing agent." Dkt. No. 19, p. 7.

As a preliminary matter, the allegations in the complaint fail to establish that Wilcox was a "managing agent *of the employer,*" as required by California Labor Code section 558.1(b). Plaintiff alleges that at the time he reported to Wilcox, Plaintiff was employed by Networkers or 4G, and that these companies contracted to provide workers to Ericsson. Dkt. No. 34, p. 3-4. Wilcox was employed by Ericsson, not Networkers or 4G. Id. at 3. Plaintiff does not allege that Wilcox was the managing agent of Networkers or 4G. On this basis alone, there is no possibility that Wilcox can be held liable under California Labor Code section 558.1(b).

Even assuming for the sake of argument that Wilcox could be characterized as acting on behalf of Plaintiff's employer, there is no possibility that Wilcox is liable as a "managing agent" under California Labor Code section 558.1(b). The term "managing agent" is statutorily defined to have "the same meaning as in subdivision (b) of Section 3294 of the Civil Code." Id. In White v. Ultramar, Inc., 981 P.2d 944, 947 (Cal. 1999), the California Supreme Court held that for purposes of Civil Code section 3294, "the Legislature intended the term 'managing agent' to include only those corporate employees who exercise substantial independent authority and judgment in their corporate decisionmaking so that their decisions ultimately determine corporate policy." Thus, a "managing agent" is "more than a mere supervisory employee." Id. at 951.

Plaintiff contends that Wilcox is a managing agent based on a job description for "Implementation Manager" posted on Ericsson's website and because "he reported to Wilcox," Wilcox gave Plaintiff his "daily assignments," and Wilcox "reviewed all work hours submitted for compensation and all requests for reimbursement." Dkt. No. 19, p. 8; Dkt. No. 34, p. 3-4. Defendant 4G objects to the admissibility of the website job listing, asserting that the listing lacks authentication, violates the Best Evidence Rule (Fed. R. Evid. 1002), and is no longer accessible. Dkt. No. 36, p. 1-2. Defendant 4G's objections are well taken. Plaintiff has not produced any evidence of who published, controlled or maintained the website. Without this foundational information, there is no way to verify the accuracy of the job description posted on the website.

Case No.: 5:17-cv-06453-EJD
ORDER DENYING PLAINTIFF'S MOTION TO REMAND
4

1    Therefore, the Court will not consider the website job listing and instead evaluates only whether

2    the allegations in the amended complaint create any reasonable possibility of a claim against

3    Wilcox.  See Williams v. Wyndham Vacation Ownership, No. 13-5088 WHO, 2014 WL 457835,

4    at *3 (N.D. Cal. 2014) (citing Good v. Prudential Ins. Co. of America, 5 F. Supp. 2d 804, 807

5    (N.D. Cal. 1998)).

6    In Taylor v. Trees, Inc., 58 F. Supp. 3d 1092, 1106-07 (E.D. Cal. 2014), the court analyzed

7    whether tasks similar to those performed by Wilcox are sufficient to create liability against a

8    "managing agent" under California Civil Code section 3294(b).  The plaintiff was hired by

9    defendant, a nation-wide company, to perform line clearance tree trimming and vegetation control

10   for various utility companies and government districts, and sought to hold his foreman personally

11   liable as a "managing agent."  Id. at 1098, 1106.  The foreman managed no more than thirty-four

12   people and two locations in Fresno on a day-to-day basis.  Id. at 1106.  The Taylor court

13   concluded that this evidence was insufficient to establish liability because the supervisor did not

14   manage a "substantial portion" of defendant's business.  Id.  The Taylor court also found that the

15   foreman did not have "broad or unlimited authority."  Id. at 1107.  The Court held that "because

16   the evidence does not indicate that [the foreman] had substantial discretionary authority over

17   significant aspects of [defendant's] business, or that [the supervisor's] decisions created corporate

18   policy, [the supervisor] was not a 'managing agent.'"  Id.

19   As in Taylor, Plaintiff claims that Wilcox oversaw the location where Plaintiff worked and

20   supervised the daily work of employees.  Dkt. No. 34, p. 3.  These allegations fail to show that

21   Wilcox had substantial discretionary authority over a significant aspect of Ericsson's business or

22   that Wilcox had "broad and unlimited authority."  Nor are there allegations from which to infer

23   that Wilcox's decisions created corporate policy.  Therefore, Wilcox is a sham defendant and his

24   citizenship will be disregarded for purposes of determining diversity jurisdiction.

25   Plaintiff is a citizen of California and Defendants 4G, Networks, and Ericsson are citizens

26   of Texas.  Dkt. No. 34, p. 2.  Diversity of citizenship has been satisfied.

27

28   Case No.: 5:17-cv-06453-EJD
ORDER DENYING PLAINTIFF'S MOTION TO REMAND

5

## B. Amount in Controversy

Plaintiff contends that Defendant 4G has not shown that the amount in controversy exceeds $75,000. When a plaintiff does not plead a particular amount in controversy, the removing party needs to prove that it is "more likely than not" that the amount in controversy exceeds $75,000. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). In meeting this burden, defendants need not concede liability. Parker v. Dean Transp., Inc., No. CV 13-2621-BRO, 2013 WL 12091841, at *7 (C.D. Cal. June 26, 2013). "To require Defendants to provide more detailed evidence of how many [workers] missed breaks or how often would essentially require Defendants to admit some amount of liability before they have had an opportunity to defend against Plaintiff's claims. The Ninth Circuit has made clear that this is not required." Id. Defendants may include attorney fees in calculating the amount in controversy "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language." Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir. 1998). In the present case, California Labor Code sections 1194(a) and 226(e) authorize an award of attorney fees if Plaintiff prevails, and therefore attorney fees may be included in the amount in controversy. Id. at 1156. Attorney fees are assessed by considering a reasonable hourly rate. Winterrowd v. Am. Gen. Annuity, Ins. Co., 556 F.3d 815, 826-27 (9th Cir. 2009). In the San Francisco Bay Area as of 2013, "reasonable market rates in labor and employment cases are $675 per hour for partners, between $300 and $400 per hour for associates, and between $180 and $225 per hour for law clerks and paralegals." Zoom Elec., Inc. v. Int'l Bhd. of Elec. Workers, Local 595, No. C 11-1699 CW, 2013 WL 2297037, at *4 (N.D. Cal. May 24, 2013).

Defendant 4G estimates that Plaintiff placed at least $58,690 in controversy, exclusive of attorney fees. Dkt. No. 1, p. 8. Defendant 4G made calculations for the four-year-period Plaintiff claims based on one missed meal per workday, one missed break per workday, one hour of overtime per week in the given period, and associated penalties. Dkt. No. 35, p. 5-7. This calculation is comparable to the amount in controversy calculations that were accepted by the court in Giannini v. Northwestern Mutual Life Ins. Co., No. C 12-77 CW, 2012 WL1535196, at *3

Case No.: 5:17-cv-06453-EJD
ORDER DENYING PLAINTIFF'S MOTION TO REMAND

6

(N.D. Cal. Apr. 30, 2012) when evaluating jurisdiction under the Class Action Fairness Act of 2005. Dkt. No. 35, p. 5-7. Defendant 4G's calculation in this case is reasonable given the scope of Plaintiff's claims. Defendant 4G is not required to provide more detailed evidence. Giannini v. Northwestern Mutual Life Ins. Co., 2012 WL1535196, at *3.

Defendant 4G also included $30,000 in attorney fees in calculating the amount in controversy. Dkt. No. 1, p. 23. This estimate is based on a rate of $300 per hour, which is more conservative than the rates applied in Zoom, multiplied by 100, which is a conservative estimate of anticipated attorney hours considering the scope and complexity of Plaintiff's claims. Dkt. No. 35, p. 8.

Defendant 4G has established that the amount in controversy is "more likely than not" over $75,000, and Plaintiff has not disputed 4G's calculations. Therefore, the Court finds that the amount in controversy necessary for subject matter jurisdiction has been satisfied.

## V. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand is denied.

**IT IS SO ORDERED.**

Dated: June 11, 2018

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:17-cv-06453-EJD
ORDER DENYING PLAINTIFF'S MOTION TO REMAND

7